**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**RALPH BERNSTEIN,**

    **Plaintiff,**

**v.**                                                     **Case No.:**

**SYNCHRONY BANK**

                                                    **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **RALPH BERNSTEIN** ("Mr. Bernstein" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **SYNCHRONY BANK** ("Defendant") and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55(6), the Florida Consumer Collection Practices Act, Fla. Stat § 559.72 et. seq. ("FCCPA"), and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA") in attempting to collect an alleged debt by calling Mr. Bernstein's Cellular Telephone without his consent and with such frequency as can reasonably be expected to harass Mr. Bernstein.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Bernstein, was and is a natural person and, at all times material hereto, is an adult, a resident of Broward County, Florida and a "Debtor" or "Consumer" as defined by Fla. Stat § 559.77(8).

5. Mr. Bernstein is the regular user and subscriber of the cellular telephone number 954-***-7178 ("Mr. Bernstein's Cellular Telephone"), and is thereby the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

6. At all times material hereto, Defendant was and is an active bank with its headquarters located at 170 West Election Road, Suite 125, Draper, UT 84020.

### *Statements of Fact*

7. In January of 2014, Defendant began placing calls to Mr. Bernstein's Cellular Telephone.

8. Mr. Bernstein answered one of Defendant's first few calls and demanded that they stop calling him.

9. During one of the first few calls that Mr. Bernstein answered, Mr. Bernstein informed Defendant that he did not owe the debt.

10. Despite his request for Defendant's calls to stop, Defendant continued to call Mr. Bernstein's Cellular Telephone in an attempt to collect an alleged debt.

11. Defendant called Mr. Bernstein's Cellular Telephone at least three-hundred and thirty-five (335) times during the time period from January 19, 2014 to May 14, 2014.

12. Defendant called Mr. Bernstein's Cellular Telephone from multiple phone numbers, including, but not limited to: 678-518-2437 and 913-789-2187.

13. Mr. Bernstein has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

14. All calls placed by Defendant to Mr. Bernstein's Cellular Telephone were made in an attempt to collect an alleged debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

15. Mr. Bernstein re-alleges paragraphs 1-14 and incorporates the same herein by reference.

16. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227(b)(1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

17. Mr. Bernstein never had an account with Defendant, nor did Mr. Bernstein owe a debt to Defendant.

18. Mr. Bernstein had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Mr. Bernstein's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS"), artificial voice, or prerecorded message.

19. Mr. Bernstein never provided any consent for Defendant to call his Cellular Telephone by the use of an ATDS, artificial voice, or prerecorded message.

20. Despite never having Mr. Bernstein's express consent to call his Cellular Telephone by the use of an ATDS, artificial voice or prerecorded message, Defendant called Mr. Bernstein's Cellular Telephone at least three-hundred and thirty-five (335) times.

21. Each of the calls that Defendant placed to Mr. Bernstein's Cellular Telephone was placed in an attempt to collect an alleged Debt that Mr. Bernstein did not owe.

22. Further, in order to make clear to Defendant that Defendant did not have consent to contact Mr. Bernstein on his Cellular Telephone, Mr. Bernstein expressly revoked consent (despite the fact that Defendant never had Mr. Bernstein's consent in the first place) for Defendant to call Mr. Bernstein's Cellular Telephone by the use of an ATDS, artificial voice, or prerecorded message in or around January of 2014 when he demanded that Defendant stop calling him.

23. Defendant did not have Mr. Bernstein's consent to call his Cellular Telephone at any point in time.

24. Mr. Bernstein never provided Defendant with his Cellular Telephone number.

25. Defendant did not place any emergency calls to Mr. Bernstein's Cellular Telephone.

26. Defendant willfully and knowingly placed non-emergency calls to Mr. Bernstein's Cellular Telephone.

27. Mr. Bernstein knew that Defendant called Mr. Bernstein's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

28. Mr. Bernstein knew that Defendant called Mr. Bernstein's Cellular Telephone using a prerecorded voice because at least one time when Mr. Bernstein answered Defendant's call, he heard a recorded message and had to hit a button to speak to a live representative.

29. Defendant used an ATDS when it placed at least one call to Mr. Bernstein's Cellular Telephone.

30. Defendant used an ATDS when it placed at least fifty calls to Mr. Bernstein's Cellular Telephone.

31. Defendant used an ATDS when it placed at least one-hundred calls to Mr. Bernstein's Cellular Telephone.

32. Defendant used an ATDS when it placed at least two-hundred calls to Mr. Bernstein's Cellular Telephone.

33. Defendant used an ATDS when it placed all calls to Mr. Bernstein's Cellular Telephone.

34. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

35. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

36. Under information and belief, at least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

37. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

38. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a prerecorded voice.

39. Under information and belief, Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Bernstein, for its financial gain.

40. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Bernstein's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of

the called party and recipient of the calls' cellular telephone number from Defendant's call list.

41. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Bernstein, despite individuals like Mr. Bernstein revoking any consent that Defendant believes it may have to place such calls.

42. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Bernstein's Cellular Telephone.

43. Defendant has corporate policies to abuse and harass consumers like Mr. Bernstein despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

44. As direct evidence of Defendant's corporate policies and procedures as described above, since April 2017, Defendant has had at least forty-five (45) complaints regarding its telephone contact with consumers, including forty-five (45) complaints categorized as "Attempts to collect debt not owed" filed against it with the Consumer Financial Protection Bureau. **Exhibit A**.

45. Defendant's phone calls harmed Mr. Bernstein by trespassing upon and interfering with Mr. Bernstein's rights and interests in his Cellular Telephone line.

46. Defendant's phone calls harmed Mr. Bernstein by causing his emotional distress.

47. Defendant's phone calls harmed Mr. Bernstein by wasting his time.

48. Defendant's phone calls harmed Mr. Bernstein by being a nuisance and causing his aggravation.

49. Defendant's phone calls harmed Mr. Bernstein by causing a risk of personal injury to Mr. Bernstein due to interruption and distraction.

50. Defendant's phone calls harmed Mr. Bernstein by invading his privacy.

51. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* *(as against Debt Collector)*

52. Mr. Bernstein re-alleges paragraphs 1-14 and incorporates the same herein by reference.

53. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Bernstein with such frequency as can

      reasonably be expected to abuse or harass Mr. Bernstein which occurred when Defendant placed 335 calls to Mr. Bernstein during a period of just four months.

    b. Defendant violated Fla. Stat. § 559.72(9) by attempting to enforce a debt when Defendant knew that the debt is not legitimate because Mr. Bernstein told Defendant that he did not owe the alleged debt.

54. As a result of the above violations of the FCCPA, Mr. Bernstein has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

55. Defendant's actions have damaged Mr. Bernstein by causing his emotional distress.

56. Defendant's actions have damaged Mr. Bernstein by invading his privacy.

57. Defendant's actions have damaged Mr. Bernstein by causing his embarrassment.

58. Defendant's actions have damaged Mr. Bernstein by causing his stress.

59. Defendant's actions have damaged Mr. Bernstein by causing his aggravation.

60. Defendant's actions have damaged Mr. Bernstein by harming his reputation.

61. It has been necessary for Mr. Bernstein to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

62. All conditions precedent have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **RALPH BERNSTEIN**, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 24, 2017**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff